IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN APPLING, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SERVICE MANAGEMENT SYSTEMS, ) <br> INC., and DOES 1-40; ) <br> ) <br> Defendants. ) <br> _____) | CIV F 06-1645 AWI LJO <br><br> ORDER DENYING AS MOOT <br> DEFENDANT'S RULE 12(b)(6) <br> AND RULE 12(f) MOTIONS |

    This case was removed from the Fresno Superior Court and is essentially an employment dispute. Removal was based on diversity jurisdiction because the complaint seeks $250,000 and Plaintiff is alleged to be citizen of California and Defendant states that it is a citizen of Tennessee. The Doe defendants have yet to be identified and Defendant has not filed an answer. Defendant has filed a Rule 12(f) Motion to Strike and a Rule 12(b)(6) Motion to Dismiss. Hearing on Defendant's motions is set for January 22, 2007. On January 5, 2007, Plaintiff filed an amended complaint.

    Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour

Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005).  A motion to strike is not a "responsive pleading" within the meaning of Rule 15.  See Neifeld v. Steinberg, 438 F.2d 423, 425, n.3 (3d Cir. 1971); Phillips v. Borough of Keyport, 179 F.R.D. 140, 145-46 (D.N.J. 1998).  Thus, where a motion to dismiss and/or a motion to strike is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the need of obtaining leave of court.  See Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3; Neifeld, 438 F.2d at 425 n.3.  An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, the Defendant did not file an answer, but instead filed a motion to dismiss and a motion to strike.  As no prior amended complaints have been filed, Plaintiff was entitled to file his amended complaint as a matter of course under Rule 15(a).  The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent.  Since Defendant's motions attack Plaintiff's original and now "non-existent" complaint, Defendant's motions are now moot.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss and motion to strike are DENIED as moot.

IT IS SO ORDERED.

**Dated:    January 11, 2007**            **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE